McIlvaine, J.
The original action was brought in the-Court of Common Pleas of Wood county by the plaintiff [in. error, a consolidated railroad corporation, to recover, as *263 successor to the rights of the Mansfield, Ooldwater and Lake Michigan Railway Company, the amount alleged to he due on the defendant’s subscription to the capital stock of the latter company.
The general history of the consolidation, whereby the plaintiff in error became a corporation, will be found in the case of the Mansfield, Coldwater and Lake Michigan Railroad Company v. William Brown et al., ante, 223.
The contract of subscription sued on was delivered and accepted on the 23d of May, 1871, and was in these words:
“ "We, the undersigned, each for himself, agree to take the shares of stock iu the Mansfield, Ooldwater and Lake Michigan Railway, of fifty dollars each, set opposite our respective names, and pay therefor as required by law or by the order of the board of directors, so that not more than ten per cent, shall be required at any one call, nor shall calls be made more frequently than once in sixty days; the demand to be by notice in a newspaper, published and in circulation in the county; the money so paid to be applied in the construction of the road from the D. & M. Railroad east. The road to be located and depot erected within one hundred and sixty rods of the D. & M. Railroad depot, at Weston, Wood county, Ohio.
(Signed,) “David Pettis, 4 shares.”
Previous to the delivery and acceptance of this subscription, the railway company—to wit, on the 15th of April, 1871—by resolution of its board of directors, required the subscriptions to its capital stock to be paid to the assistant treasurer of the company, at its office, in Mansfield, Ohio, in installments, as follows: “ The five dollars due upon each share of the stock, at the time of making the subscription, to be paid at once, April 15, 1871, and ten per centum thereof, or five 'dollars upon each share subscribed, on the 15th day of May, 1871, and ten per centum thereof, or five dollars on each share subscribed, on the 15th day of each month following, until the whole of such subscription should be paid.”
It does not appear in this record that any other call was *264 ever made. Under the statute, an installment of five dollars on each share of unconditional subscription is made payable at the time of making the subscription, and the residue is to be paid in such installments, and at such times and places and to such persons, as may be required by the. directors of such company. But, by the terms and conditions of this subscription, the rule of the statute is waived, and that of the contract substituted, whereby installments become due only on call, and not more than ten per centum on any call, and calls not to be made more frequently than once in sixty days. By the very terms of this contract, the requisition of the 15th of April previous could not apply to the defendant’s subscription.
The plaintiff’s claim is, that, under this requisition, an installment of ten per centum of defendant’s subscription became due and payable each alternate month. We do not think that such effect can be given to the call. We would not doubt its application to subsequent subscriptions made without condition as to calls, but are entirely satisfied that neither the company nor the defendant intended or understood that the requisition of April 15th should apply to the subscription of the defendant. The original action was prematurely commenced.

Judgment affirmed.

Welch, C. J., White, Rex, and Gilmore, JJ., concurred.